**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| RANDY DEAN, SR.., | ) | CASE NO. 5:26 CV 1791 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION AND ORDER |
| PORTAGE COUNTY PROBATION DEPARTMENT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

*Pro se* Plaintiff Randy Dean, Sr. filed this action against the Portage County Probation Department, Probation Officer Carly Jones, Probation Officer John Doe, and "Fill in Judge for Judge Lauire Pittman." (Doc. No. 1 at PageID #: 3). Plaintiff's Complaint is very brief. He alleges he told Carly Jones that he could not urinate (presumably for a drug test) and she made him sit in the waiting room for a period of time before instucting him to try again. He states he asked a younger man for help because he was in a wheel chair. The young man said he was going to call police. Plaintiff claims he fell trying to get out of the wheel chair, hit his head on the chair, and urinated on himself. He then states, without explanation that the visiting Judge threatened to give him twelve years in prison, He claims he had another year added to his probation. He does not indicate a legal claim that he intends to pursue nor does he indicate the relief he seeks.

Plaintiff filed an Application to Proceed *In Forma Pauperis* (Doc. No. 2). That Application is granted.

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the defendant unlawfully harmed me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc*., 151 F.3d 559, 561 (6th Cir. 1998).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the Court is not required to conjure up unpled allegations. *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008). The Complaint must give the Defendants fair notice of what the Plaintiff's claims are and the grounds upon which they rest. Plaintiff includes very few facts, does not identify a legal claim he seeks to pursue and does not state the relief he seeks. The Complaint does not satisfy the minimum pleading requirements of Federal Civil Procedure Rule 8.

## IV. Conclusion

Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. No. 2) is granted, and this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

August 28, 2026

*/s/ John R. Adams*
JOHN R. ADAMS
UNITED STATES DISTRICT JUDGE

---

1 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.